UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID HARRADON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 1:21-CV-415-HAB |
| | ) |
| CHASE BANK, | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Plaintiff believes that Defendant wrongfully withheld $10,000.00, funds deposited into Plaintiff's account by the Small Business Administration ("SBA") to assist him during the pandemic. Plaintiff made a federal case out of it, suing Defendant in this Court. Defendant now moves to dismiss the suit under Fed. R. Civ. P. 12(b)(6).

**I.    Plaintiff's Allegations**

Plaintiff alleges that, in late August and early September 2021, the SBA tried to make two deposits totaling $15,000.00 into Plaintiff's account with Defendant. Defendant processed a $5,000.00 deposit but refused to process a $10,000.00 deposit.

Defendant tried to withdraw a portion of those funds but was told that he would need to produce his 2019 tax return before the withdrawal could be processed. Plaintiff provided the 2019 tax return to Defendant's local branch but, instead of his money, Plaintiff was given a phone number to call. That phone number was for Defendant's fraud department. The fraud department again asked for the 2019 tax return, and Plaintiff again provided it. The fraud department confirmed receipt of the tax return and told Plaintiff that the funds from the $10,000.00 deposit

would be available within two business days. This did not happen. Instead, the $10,000.00 deposit was returned to the SBA.

Without the $10,000.00 deposit, Plaintiff's account was nearly $1,000.00 in the negative. To make matters worse, Defendant assessed a $12.00 fee due to the negative balance. Defendant ultimately closed Plaintiff's account, preventing the SBA from re-issuing the funds.

Plaintiff asks the Court for monetary and declaratory relief. This includes reopening his bank account, payment off his negative balance, and "$100,000 for putting me through all of this and for pain, suffering and emotional distress." (ECF No. 1 at 3).

## II.     Legal Discussion

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in Plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint should be dismissed only if it either fails to provide adequate notice—as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure—or does not contain "enough facts to state a claim to relief that is plausible on its face"; that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the . . . grounds . . . of his . . . entitlement to relief . . . requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp.*, 550 U.S. at 555. For purposes of a Rule 12(b)(6) motion, the allegations

2

of a pro se complaint are to be liberally construed. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

Defendant argues that Plaintiff has failed to provide "fair notice" of the claim against Defendant and, in any event, that it acted consistent with its Deposit Account Agreement and Privacy Notice ("Agreement"). Plaintiff disagrees, pointing to a different part of the Agreement that he believes Defendant violated. It is this disagreement over the requirements of the Agreement that leads the Court to conclude that this case must be dismissed, but not for the reasons advanced by Defendant.

This Court is one of limited jurisdiction. "The petitioning party must demonstrate that diversity or federal question jurisdiction exists." *Minor v. Prudential Secs., Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996). Federal question jurisdiction is given to the district courts in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction, on the other hand, requires an amount in controversy more than $75,000.00 and complete diversity of citizenship. 28 U.S.C. § 1332.

The Supreme Court has held that "federal question jurisdiction arises only when the complaint standing alone 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Minor*, 94 F.3d at 1105. Plaintiff's complaint does not identify any federal law on which his claim is based or a substantial question of federal law. The Court finds, then, that it has no federal question jurisdiction in this case.

Diversity jurisdiction is a closer case. Plaintiff identifies himself as a resident of Indiana. Defendant is incorporated in Delaware and is headquartered in New York. It appears, then, that

3

complete diversity exists. And, as noted above, Plaintiff demands more than $100,000.00 in damages. This would satisfy both requirements for diversity jurisdiction.

Ah, but there's catch. Even where the amount in controversy is not challenged, the Court may still find that this requirement has not been satisfied where it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995). Based on the parties' filings, it is now clear to the Court that Plaintiff's claim is one for breach of the Agreement. Under Indiana law, which the Court would apply in a diversity case under *Erie R. Co. v. Tompkins*, 304 U.S 64 (1938), the measure of damages in a breach of contract case is the loss suffered because of the breach. *CT102 LLC v. Auto. Fin. Corp.*, 175 N.E.3d 869, 872 (Ind. Ct. App. 2021). Emotional distress damages are not recoverable. *Jaffri v. JPMorgan Chase Bank, N.A.*, 26 N.E.3d 635, 638 (Ind. Ct. App. 2015).

If Defendant breached the Agreement, Plaintiff's damages would be the amount withheld: $10,000.00. Plaintiff's request for additional damages because of "pain, suffering and emotional distress" is contrary to law. While Plaintiff may be able to show some minor consequential damages, like the $12.00 fee, the Court can conceive of no scenario in which Plaintiff could prove damages of $75,000.00 or more. The Court determines, "to a legal certainty," that the amount in controversy here is less than its jurisdiction limit.

Without jurisdiction under 28 U.S.C. §§ 1331 or 1332, and with no other basis for jurisdiction apparent, the Court finds that it lacks subject matter jurisdiction to hear this case. The case must be dismissed.

**III.     Conclusion**

For these reasons, this case is DISMISSED.

SO ORDERED on February 23, 2022.

                                            s/ *Holly A. Brady*
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT